HACKETT, APPELLANT, *v.*
WEIR, DIR., DEPT. OF TRANSPORTATION, APPELLEE.

(No. 77 CV-12-5457—Decided August 20, 1980.)

Court of Common Pleas of Franklin County.

*Mr. Patrick F. Timmins, Jr.,* for appellant.

*Mr. Frank L. Schermer, Jr.,* assistant attorney general, for appellee.

FLOWERS, J.   This cause came before this court on appeal from the November 22, 1977 order of the State Personnel Board of Review which affirmed the order of the permanent transfer, effective February 1, 1976, of the appellant, John Joseph Hackett, from his position of Auditor at the Ohio Department of Transportation's District Office No. 10 in Marietta, Washington County, Ohio, to a position with a similar working title at the Department of Transportation's District No. 3 in Ashland, Ashland County, Ohio.

For the reasons stated in this court's decision, this court finds that the order of the State Personnel Board of Review is not supported by reliable, probative or substantial evidence, and is not in accordance with law, in that the requirements of R. C. 124.33 were not complied with by the Director of Administrative Services in purportedly approving the appellant's transfer from the Department of Transportation's District No. 10 to District No. 3, and hereby reverses.

The certified hearing transcript reveals conflicting evidence on the issue of whether or not appellant's transfer was politically motivated. The hearing officer recites much of the testimony of Mr. Glenn L. Peters, Administrative Assis-

tant in District 10, without actually stating that the hearing officer finds said testimony to be truthful and factual; it is, however, obvious from his ultimate recommendation that he did accept Mr. Peters' version of the facts. It is equally obvious that in doing so he rejected as untruthful the conflicting testimony of Mr. James Reinhardt, Assistant Auditor in District 3, Mr. Fred Rake, Assistant Auditor in District 10, appellant, Mrs. Wilma Kathary, former secretary to appellant, and Mr. Kenneth Kathary. That all of these people would appear to give false testimony under oath is quite disturbing. Judging solely from the 172-page transcript, had this court heard the evidence it most probably would have found differently. However, the hearing officer was the judge of the credibility of the witnesses, and this court shall not substitute its opinion for that of the hearing officer.

The hearing officer's Finding of Fact No. 11 states:

"I find that then Director of Administrative Services Krabach, through his designated assistant, found that the transfer was necessary for the efficient operation of District 3."

This finding is inconsistent with Finding of Fact No. 4 in which the hearing officer stated:

"Mr. Robert S. Knapp, a Personnel Officer with the Department of Administrative Services, testified * * * that he did in fact approve the transfer being satisfied with the face of the application; and that since there were no apparent errors in the request, *he did not investigate further but performed only a ministerial function.*" (Emphasis added.)

A thorough study of the transcript shows that Finding of Fact No. 11 is totally unsupported by any reliable, probative or substantial evidence; and that the testimony of the witnesses who testified on this issue completely contradict the hearing officer's finding. The fifth paragraph of R. C. 124.33 provides in part:

"* * * If the director determines that the transfer is not necessary for the efficient operation of the office, department, or institution, he shall not approve the transfer and shall notify the appointing authority and the employee in writing that transfer is not approved. If he finds that the transfer is necessary for the efficient operation of the office, department, or institution, he shall notify the appointing authority and the

employee involved in the request for transfer, in writing, that the transfer is approved\*\*\*."

It is blatantly obvious from Mr. Robert S. Knapp's testimony that he neither "determined" nor "found" anything. He made no independent investigation into the situation at District 3, but merely accepted Transportation Director Richard D. Jackson's conclusion, unsupported by any facts, that an "emergency situation" existed. Neither Mr. Knapp nor Director Krabach made any attempt to comply with the statute's directive, being satisfied with a "rubber-stamp" approval of appellant's transfer. R. C. 124.33 contains the above-quoted safeguards to protect employees in the classified service from political maneuverings such as are alleged here. The statute's clear, strong language makes it plain that the Director of Administrative Services *shall do something.* He may not blindly approve an appointing authority's request for transfer just because it contains some magic words, but he must take some action to determine whether or not "\*\*\*the transfer is necessary for the efficient operation of the office, department, or institution\*\*\*." Only then will the statute's remedy against arbitrary and capricious transfers, or transfers designed to harass an employee into quitting his position, be effective. See *State, ex rel. Myers,* v. *Chiaramonte,* case No. 74AP-571 (Franklin Co. Ct. of App., July 8, 1975), unreported.

The certified record clearly shows not only that the director did not comply with the mandates of R. C. 124.33, but also that if he had bothered to check the facts he would surely have determined that no emergency situation existed and that appellant's transfer was not necessary for the efficient operation of the District 3 accounting department.

The court finds that the order of the State Personnel Board of Review is not supported by reliable, probative or substantial evidence, and is not in accordance with law, in that the requirements of R. C. 124.33 were not complied with by the Director of Administrative Services in purportedly approving appellant's transfer from District 10 to District 3. Accordingly, the order of the board of review is reversed, and this cause is remanded for further action according to law consistent with this opinion.

*Order reversed.*